CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 05 2013

JULIA C. DUDLEY, CLERK
BY: /s/ J. Moore
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| McAIRLAIDS, INC., | ) | Civil Action No. 7:13cv00193 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| KIMBERLY-CLARK CORPORATION *et al.*, | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

This is a patent-infringement action by plaintiff McAirlaids, Inc. against Kimberly-Clark Corporation and two of its affiliates, based on McAirlaids' patented "fiber fusion" process. Rather than using chemical binders in its cellulose-based absorbent pads, McAirlaids uses steel rollers and high pressure to "fuse" the cellulose fibers and give its pads structure. According to Kimberly-Clark, the patent McAirlaids holds on this process includes a total of twenty-four claims, all of which involve "a pair" of embossed steel rollers, while Kimberly-Clark's allegedly infringing process uses one embossed roller and one smooth roller. Based on that assertion, Kimberly-Clark proposes that the parties conduct discovery and file dispositive motions in two phases, with the first phase limited to the "case dispositive" issue of whether Kimberly-Clark's allegedly infringing manufacturing process uses "a pair" of rollers, or just one. McAirlaids argues that Kimberly-Clark's proposal is contrary to patent law and will lead to redundancies and a host of other practical problems. Even if the court ignores the numerous practical difficulties that could arise if the court were to bifurcate discovery in this matter, the court agrees with McAirlaids.

"Patent infringement requires a two-step analysis." Grober v. Mako Prods., Inc., 686 F.3d 1335, 1334 (Fed. Cir. 2012). "First, 'the court determines the scope and meaning of the patent claims asserted,' and then compares the claims 'to the [alleged infringement].'" Id. (quoting Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998)); see also Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995). Under Kimberly-Clark's proposed schedule, any claims-construction during the first phase of the proceedings would be limited to the meaning of "a pair" in McAirlaids' patent. It appears fairly plain, however, that construing that term, divorced from contextual clues, would hamstring the court in its final analysis. "A district court may—indeed, often must—interpret or define a term in the claims that is not in dispute in order to provide a proper context for the discussion of the terms that are in dispute." Amgen Inc. v. Hoeschst Marion Roussel, Inc., 314 F.3d 1313, 1353 (Fed. Cir. 2003). Likewise, appellate review of the court's analysis would likely prove difficult or perhaps impossible. Accordingly, the court **DENIES** Kimberly-Clark's proposal to bifurcate discovery. It is so **ORDERED**.

**ENTER**: August 5, 2013.

                                                             /s/
                                                             UNITED STATES DISTRICT JUDGE

2